LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**IN THE MATTER OF**

**BARBARA FRUSCIANTE,**
      **DEBTOR**

   **CHAPTER 13**
   **CASE NO: 09-22886 (RDD)**

   **OBJECTION TO PROOF OF**
   **CLAIM #27 FILED BY**
   **CITIMORTGAGE, INC.**
   **AND REQUEST FOR**
   **ACCOUNTING**

-------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #27-1 FILED BY CITIMORTGAGE, INC.**
**AND**
**REQUEST FOR ACCOUNTING**

    **COME NOW** the above-named debtor, Ms. Barbara Frusciante, by and through her attorney of record, Linda M. Tirelli, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on May 27, 2009.

2. The Debtor, Ms. Barbara Frusciante, is the owner of real estate located at 152 Pembroke Drive, Yonkers, New York 10710. The debtor resides at this address and her Chapter 13 Plan requests participation in the Loss Mitigation program.

3. The Debtor listed a debt and named CitiMortgage, Inc. as a creditor on Schedule D of her petition, indicating the same as being disputed. A copy of Debtor's Schedule "D" is attached hereto as Exhibit "A."

4. On or about October 5, 2009 the creditor, CitiMortgage, Inc. filed a proof of claim identified as Claim # 27-1. A copy of the Proof of Claim #27-1 ia attached hereto as Exhibit "B."

4. The 341(a) meeting of creditors was held in White Plains, New York on July 17, 2009.

5. The Chapter 13 plan is scheduled for confirmation hearing on October 27, 2009.

## I. FACTUAL ALLEGATIONS

6. Proof of Claim #27-1 as filed by CitiMortgage, Inc. (hereinafter "CitiMortgage") purports that the debtor owes CitiMortgage the total sum of $224,306.76 on a secured claim, with a purported arrearage owing of $21,458.05.

Attached to the proof of claim are the following documents:

A. Official form 10, executed by "Sandy Haley, Bankruptcy Specialist" ;

B. A single page itemization entitled, "Exhibit 'A'";

C. A 3 page document entitled "Note" dated October 18, 2003 identifying the named lender, "Lehman Brothers Bank, FSB, A federal Savings Bank";

D. A single page Westchester County Recording and Endorsement Page indicating type of instrument "MTG-Mortgage" and Total Pages "20";

E. A 17 page mortgage document dated October 16, 2003 identifying and naming the following parties:

  a. Barbara Frusciante, "Borrower";

  b. MERS (Mortgage Electronic Registration Systems, Inc.), "a separate corporation that is acting solely as nominee for Lender and Lender's Successors and Assigns…for the purposes of recording this mortgage, MERS is the Mortgagee of Record"; and

  c. Lehman Brothers Bank, FSB, A Federal Savings Bank, "Lender"

F. A single page document, a purported post-petition "Assignment of Mortgage" dated September 30, 2009, signed by "M. Mathews, Authorized Signator" and notarized by "Julie Bacon" in the County of Tarrant, State of Texas, and indicates the following parties:

a. Assignor: "Mortgage Electronic Registraion Systems, Inc. (MERS) Solely as Nominee for Lehman Brothers Bank, FSB, A federal Savings Bank"; and

   b. Assignee: "CitiMortgage, Inc."

## II. LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND FRAUD ON THE COURT

7. The Debtor avers that the proof of claim is signed by a "Sandy Haley, Bankruptcy Specialist" on July 17, 2009, without providing any supporting documentation to suggest her authorization to do so, in violation of B.R. Rule 3001 (b) and the plain language instructions as printed on the Official Form 10.

8. The Debtor avers that the purported "Assignment of Mortgage" is signed by "M. Mathews" on September 30, 2009, without any supporting documentation to substantiate his/her authorization to do so.

9. The Debtor further avers that the assignment presented in this case is of fraudulent nature and questionable origin. Specifically, "M. Mathews" is not an appropriate party to sign and/or authorize such assignments on behalf of MERS as Nominee for Lehman Brothers, FSB. The Debtor calls the Court's attention to fact that the purported assignment is transferring an asset of Lehman Brothers, FSB, an entity which is currently involved in its own bankruptcy case pending in this district. Said case is pending before the Honorable James M. Peck and bears case #08-13555. It is common knowledge that Lehman Brothers Bank was taken over by the FDIC in connection with said Bankruptcy. What authority did the FDIC give for this transfer remains a mystery and is not disclosed in the proof of claim as submitted.

10. The Court should also know that Saundra Haley, Bankruptcy Specialist for CitiMortgage, Inc has also presented a second assignment executed by "M.

Mathews" to the United States Bankruptcy Court for the Eastern District of Arkansas in case # 08-14812 on October 2, 2009 only 3 days prior to submitting the assignment in the instant case. (hereinafter the "Arkansas M. Mathews Assignment")

In this Arkansas M. Mathews Assignment, M. Mathews purports to be a Vice President of "Source One Mortgage Servicing Company" in the assignment of mortgage dated September 24, 2009 (six days prior to the assignment in the instant case) which, like the assignment of mortgage in the instant case, also purports to effectuate a post-petition assignment of a mortgage to CitiMortgage, Inc.

The Arkansas M. Mathews Assignment is also notarized by the same Julie Bacon of Tarrant County, Texas. It seems highly improbable that M. Mathews could be an officer of both MERS and "Source One Mortgage Servicing Company" within less than a week's time. (A copy of the "Arkansas M. Mathews Assignment" is attached hereto as Exhibit "C".)

11. It is worth noting that the Citimortgage Proof of Claim filed in the District of Arkansas was executed by "Saundra Haley, Bankruptcy Specialist" and lists the contact address as Citimortgage, Inc., PO Box 140609, Irving, TX 75019-0609 and the contact phone number (866)613-5636.

Meanwhile, the proof of claim in the instant case was also executed on behalf of Citimortgage by "Sandy Haley, Bankruptcy Specialist" who lists identical contact information. On October 26, 2009, the undersigned as counsel to the debtor did call the phone number provided and confirmed that "Saundra Haley" is in fact the same person known as "Sandy Haley" Given the fact that the both proof of claims

were filed using purported assignments signed by "M. Mathews" it is apparent that Ms. Haley and the creditor, Citimortgage, Inc., were aware or certainly should have been aware that M. Mathews, purported to be an officer of two separate entities within the timeframe of less than one week.

12. The Debtor hereby avers the assignment of mortgage presented by CitiMortgage in the instant case, as attached to Proof of Claim #27-1 to be a fraudulent document presented with the intention and purpose of misleading the Court and the Debtor.

13. The official form 10 of the proof of claim in the instant case was executed on July 17, 2009 by "Bankruptcy Specialist Sandy Haley."  A cursory glance at the documents attached includes the aforementioned "Assignment of Mortgage" dated September 30, 2009, as signed by "M. Mathews."
There is notably no explanation or substantiating documents offered with the proof of claim to explain how Ms. Haley could attest to or otherwise certify the validity of said assignment some SEVENTY-FIVE (75) DAYS prior to the date of the making of such purported assignment.

14. The Debtor avers that the fraudulent nature of the documents presented indicate an intention to commit fraud on the court by Ms. Haley and CitiMortgage.

### III.  LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE §549(s)(1)(B)

15.  Section 549 of the U. S. Bankruptcy Code pertains to such transfers as described hereinabove and reads as follows:

> "(a) Except as provided in subsection (b) and (c) of this section, the trustee may void a transfer of property of the estate……
>
> > (1)That occurs after the commencement of the case; and …
> >
> > _____ (B) that is not authorized under this title or by the court."

16. The assignment of mortgage attached to the Proof of Claim #27-1, is dated September 30, 2009, well after the date of the commencement of this chapter 13 bankruptcy proceeding on May 27, 2009.

17. The assignment of mortgage is an attempt to perfect a lien after the commencement of the case and therefore is voidable by this Court.

18. The debtor avers that there can be no reason for the assignment of the mortgage to CitiMortgage, Inc. other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## IV.   LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(4)

19. Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

    > "(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…
    >
    > > (4) any act to create, perfect, or enforce any liens against property of the estate;"

20. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the estate in violation of §362(a)(4) of the U. S. Bankruptcy Code.

21. There can be no reason for the "assignment" of the mortgage to CitiMortgage, Inc. other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## V. LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(5)

22. Section 362(a)(4) of the United States Bankruptcy Code reads as follows: "(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

   (4) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title;"

23. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of §362(a)(5) of the U.S. Bankruptcy Code.

24. There can be no reason for the "assignment" of the mortgage to CitiMortgage, Inc. other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## VI. LEGAL ARGUMENT: THE PROOF OF CLAIM DOES NOT PROVE A PERFECTED SECURITY INTEREST IN DEBTOR'S PROPERTY

25. CitiMortgage has failed to provide any documentation reflecting a valid security interest in Debtor's property. The post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court.

26. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from CitiMortgage as per §362(k)(1) of Title 11 of the United States Code.

27. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from CitiMortgage as per §262(k)(1) of Title 11 of the United States Code.

## VII. LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE ITEMIZATION OF THE CLAIM

28. That the Proof of Claim includes a chart which describes alleged Arrearages owed as of 05/27/09 as follows:

| From | To | Type of Charge | # | Unit Charge | Total |
|---|---|---|---|---|---|
| 09/01/08 | 05/01/09 | Payment | 9 | 2,127.45 | 19,147.05 |
| | | Appraisal | - | - | 84.00 |
| | | Foreclosure Fees | - | - | 1,637.00 |
| | | Foreclosure Attorney Fee | - | - | 500.00 |
| | | Property Inspection | - | - | 90.00 |

29. That in accordance with the terms of the note and mortgage attached to the proof of claim, Debtor's monthly payment is based on a principal amount of $227,500.00 and a fixed interest rate of 5.750%. Said Note indicates Debtor's "payment" to be $1327.63 per month.

30. That the "payment" described in the chart included in Citimortgage's proof of claim indicates a sum of $2127.45, with no explanation or accounting for the difference of $799.82.

31. That the additional charges fail to indicate a unit charge and quantity and further fail to provide a writing to substantiate each item as required by B.R. 3001(c). Specifically, CitiMortgage fails to provide anything to substantiate an appraisal, foreclosure fees, foreclosure attorney fees or a "property inspection."

**WHEREFORE,** the debtors pray of the Court as follows:

A.    That Proof of Claim #27-1 be expunged;

B.    That Court direct the Chapter 13 Trustee to strike the proof of claim of CitiMortgage, Inc.;

B.    That CitiMortgage, Inc. be precluded from filing any amended, modified or substitute claim in this case;

C.    That CitiMortgage, Inc. provide an accounting of all figures set forth in its proof of claim.

D.    That the Debtor have and recover against CitiMortgage a sum to be determined by the Court in the form of actual damages;

E.    That the Debtor have and recover against CitiMortgage a sum to be determined by the Court in the form of statutory damages;

F.    That the Debtor have and recover against CitiMortgage a sum to be determined by the Court for punitive damages;

G.    That the Debtor have and recover against CitiMortgage a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

H.    That the debtor have such other and further relief as the Court may deem just and proper.

This the 25th Day of October, 2009.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**IN THE MATTER OF** :
:
: **CHAPTER 13**
**BARBARA FRUSCIANTE,** : **CASE NO: 09-22886 (RDD)**
       **DEBTOR**
-----------------------------------------------------------------X
_____

**NOTICE OF OBJECTION TO PROOF OF CLAIM**
**AND REQUEST FOR ACCOUNTING**
**AND NOTICE OF OPPORTUNITY FOR HEARING**

**(No-Protest Notice: No Hearing Will Be Held**
**Unless Request For Hearing Is Filed)**

**TO:** **CITIMORTGAGE, INC.**

   **PLEASE TAKE NOTICE** that an Objection to Proof of Claim has been filed by the debtors named above. A copy of the objection accompanies this notice.

   **YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

   **TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtors in their motion, or if you want the Court to consider your views on the motion, then on or before **November 25, 2009,** you or your attorney must do three (3) things:

   1. **File with the court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

      United States Bankruptcy Court
      Southern District of New York
      300 Quarropas Street
      White Plains, NY 10601

   If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

3. **You must also attend the hearing scheduled for December 8, 2009 at 10:00 a.m.** in Courtroom Number ____ at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 25th Day of October, 2009.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

## CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:
1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **OBJECTION TO PROOF OF CLAIM, PROPOSED ORDER DISALLOWING CLAIM BY CITIMORTGAGE, INC. AND NOTICE OF OPPORTUNITY FOR HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

CitiMortgage, Inc.
PO Box 140609
Irvng, TX 75019-0609

**And via the Court's Electronic Case Filing System to:**

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004

4. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5. Service as outlined herein was made within the United States of America.

This the 25th Day of October, 2009.

  /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
IN THE MATTER OF                             :
                                             :
                                             :  CHAPTER 13
**BARBARA FRUSCIANTE,**                      :  CASE NO: 09-22886 (RDD)
           **DEBTOR**
------------------------------------------------------------------X

**PROPOSED ORDER DISALLOWING CLAIM FILED BY
CITIMORTGAGE, INC.**

THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for the Southern District of New York, pursuant to the objection to the claim of the creditor named above filed by the debtors; and

IT APPEARING to the undersigned that this court has jurisdiction over the parties and over the subject matter of this objection; and

IT FURTHER APPEARING to the undersigned that all parties in interest received notice of this objection and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said objection and that the time for filing any such objection has expired; and

IT FURTHER APPEARING to the undersigned that the relief requested by the debtors in their objection is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

IT FURTHER APPEARING to the undersigned that the objection of the debtors to the proof of claim of the above named creditor should be sustained; and

IT FURTHER APPEARING to the undersigned that the Chapter 13 Trustee should and is hereby directed to strike the claim of the said creditor; and

IT FURTHER APPEARING to the undersigned that CitiMortgage, Inc. shall provide a full accounting and supporting documentation of all sums described in its proof of claim;

IT FURTHER APPEARING to the undersigned that CitiMortgage, Inc. should be and is hereby precluded from filing any amended, modified or supplemental proof of claim in this case; and

IT FURTHER APPEARING to the undersigned that CitiMortgage, Inc. be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____toLinda M. Tirelli, Esq., the attorney for the debtor; and

IT FURTHER APPEARING to the undersigned that CitiFinancial, Inc. Bank be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to the debtor; and

IT IS THEREFORE SO ORDERED.

_____
Hon. Robert D. Drain
United States Bankruptcy Judge